IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 10-00180-01-CR-W-NKL |
| TAMARA A. WOOLFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On June 29, 2010, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On June 29, 2010, Defendant waived indictment and an information was filed charging her with one count of wire fraud, in violation of 18 U.S.C. § 1343. A change-of-plea hearing was held that same day. Defendant was present, represented by appointed counsel Anita Burns. The government was represented by Assistant United States Attorney Kate Mahoney. The proceedings were recorded and a transcript of the hearing was filed on June 30, 2010 (Doc. No. 3). A teleconference was held on July 6, 2010 to discuss the sentencing penalty range. This teleconference was recorded and the transcript was filed on July 6, 2010 (Doc. No. 9).

### II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a

"magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

2

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. The parties consented to the delegation of the change of plea to the magistrate judge (06/29/10 Tr. at 3).

2. On June 29, 2010, Defendant waived indictment and an information was filed charging her with one count of wire fraud, in violation of 18 U.S.C. § 1343. The Defendant indicated that she understood the nature of the charge (06/29/10 Tr. at 6-7).

3. The statutory penalty for this charge is not more than twenty years imprisonment, a fine of up to $250,000, a supervised release term of not more than 3 years, an order of restitution for the amount of loss that was suffered, and a $100 mandatory special assessment fee (06/29/10 Tr. at 7; 07/06/10 Tr. at 3). Defendant was informed of the penalty range and indicated that she understood (06/29/10 Tr. at 7-8; 07/06/10 Tr. at 3-4).

4. Defendant was advised of the following:

    a. That she has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (06/29/10 Tr. at 8);

b. That she has the right to assistance of counsel throughout the trial (06/29/10 Tr. at 8-9);

c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (06/29/10 Tr. at 9);

d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (06/29/10 Tr. at 9);

e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (06/29/10 Tr. at 9-10);

f. That Defendant has the right to subpoena witnesses to testify on her behalf (06/29/10 Tr. at 10); and

g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (06/29/10 Tr. at 10-11).

5. Defendant was informed and understood that by pleading guilty, she was giving up all of the rights described above (06/29/10 Tr. at 11).

6. Defendant was informed that during the change-of-plea proceeding, she would be placed under oath and questioned by counsel and the judge (06/29/10 Tr. at 11). Defendant was further informed that she must answer questions truthfully while under oath (06/29/10 Tr. at 11-12). Defendant stated that she understood (06/29/10 Tr. at 12).

7. Government counsel stated that if this case were to be tried, the government's evidence would be that Defendant was employed by the city of Greenwood, Missouri from September of 2007

through December of 2009 (06/29/10 Tr. at 13). The city conducted an audit in December of 2009 that revealed Defendant had made personal charges in the amount of approximately $8,390 to the city's Visa credit card (06/29/10 Tr. at 13). Defendant was confronted by the city attorney and another city employee with this information on December 11, 2009 (06/29/10 Tr. at 13). Defendant admitted to having made the personal charges and resigned (06/29/10 Tr. at 13). Additional investigation after Defendant's resignation revealed she made unauthorized pay to herself in the amount of approximately $12,100.16 in 2008 and $22,724.15 in 2009 (06/29/10 Tr. at 13). Some of the payments were duplicate paychecks, while others were for unearned vacation or sick pay (06/29/10 Tr. at 13). Additional charges to the city's credit cards for personal items were also found (06/29/10 Tr. at 13). Defendant wire transferred payments for the credit card charges from the city's bank account at the Bank of Lee's Summit to First National Bank in Omaha on at least five occasions (06/29/10 Tr. at 13-14). The total loss amount is between $40,000 and $70,000 (06/29/10 Tr. at 13). Defendant admitted her conduct to the FBI and confessed to having both made unauthorized pay to herself and personal charges on the city's credit cards (06/29/10 Tr. at 14).

8. Defense counsel stated that she had reviewed the government's file and felt comfortable recommending her client plead guilty (06/29/10 Tr. at 5, 12).

9. Defendant was placed under oath (06/29/10 Tr. at 14). Defendant stated that she worked for the city of Greenwood from September 10, 2007 through December 11, 2009 (06/29/10 Tr. at 14-15). During the course of her work, Defendant owed the city of Greenwood a fiduciary duty (06/29/10 Tr. at 15). Defendant had access to and the authority to grant the payment of monies (06/29/10 Tr. at 15). She used three city credit cards to purchase personal items (06/29/10 Tr. at 15). Between April 28, 2009 and December 11, 2009, her scheme generated approximately $53,331,02

5

(06/29/10 Tr. at 15). Sometime around September 15, 2009, Defendant caused to be transmitted a wire transfer from the state of Missouri to another state in the amount of $5,007.20 (06/29/10 Tr. at 16). Defendant stated she believed she was guilty of the charge contained in the Information and did not have any reason to disagree the total loss to be $53, 311.05 (06/29/10 Tr. at 16-17).

In her own words, Defendant stated she used the city's credit card for personal use and arranged for payment to be made from their bank account to the credit card company (06/29/10 Tr. at 17). She knew what she was doing was unlawful, yet did so knowingly and intentionally (06/29/10 Tr. at 17).

10. Defendant had reviewed the plea agreement with her attorney and stated she understood the terms of the agreement (06/29/10 Tr. at 18). I also reviewed the terms of the plea agreement with Defendant (06/29/10 Tr. at 18-24).

11. All promises made by the government were contained within the plea agreement (06/29/10 Tr. at 24). No one had made any threats or any other promises in order to get Defendant to plead guilty (06/29/10 Tr. at 24).

12. Defendant was satisfied with Ms. Burns' performance (06/29/10 Tr. at 24). There is nothing Defendant asked Ms. Burns to do that Ms. Burns did not do (06/29/10 Tr. at 24-25). Likewise, there is nothing Ms. Burns has done that Defendant did not want her to do (06/29/10 Tr. at 25).

13. Defendant is 46 years old (06/29/10 Tr. at 25). She graduated from high school and has completed some college (06/29/10 Tr. at 25). Defendant has no physical or mental health concerns that would prevent her from entering an intelligent and voluntary plea of guilty (06/29/10 Tr. at 25-26).

14. Defendant tendered a plea of guilty to the information (06/29/10 Tr. at 27-28).

## V. ELEMENTS OF THE CHARGED OFFENSE

To sustain a conviction for wire fraud the government must prove that the defendant : (1) "voluntarily participated in a scheme to defraud another out of money"; (2) "did so with intent to defraud"; (3) "it was reasonably foreseeable interstate wire communications would be used"; and (4) "interstate wire communications were used." United States v. Anderson, 570 F.3d 1025, 1030 (8th Cir. 2009)(quoting United States v. Slaughter, 128 F.3d 623, 628 (8th Cir. 1997)).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having her plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in the information.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 7, 2010